GEORGE F. WIECHERS, Plaintiff, *v.* THE CENTRAL TRUST COMPANY of New York, Defendant.

*Recovery from a trust company for stock delivered upon a forged assignment — amount of such recovery limited to the value of the stock not directed to be sold — exceptions heard at the General Term upon a verdict directed by the court — the General Term may modify the verdict and order an appropriate judgment.*

A person placed with a firm of brokers certain certificates exchangeable, upon presentation to a trust company, into the stock of a new corporation, and upon the faith of a forged assignment of such stock made by the brokers, the trust company delivered the stock to a third person. Subsequently the owner

directed the sale of a portion of the stock covered by the original certificate by his brokers, who pretended to sell the same and placed an amount equal to the value thereof to the credit of the owner.

*Held,* that the owner of the stock could only recover from the trust company the value of the stock which he did not direct his brokers to sell.

In case a trial court directs a verdict for several distinct items, the amounts of which are not disputed, and the exceptions taken on the trial are ordered to be heard in the first instance at the General Term of the Supreme Court, that court has power, when there is no conflict of evidence, to modify the verdict by rejecting one or more of the items and directing the entry of a judgment on the verdict as modified. It may apply the law to an agreed state of facts, and order an appropriate judgment, and has the same power to modify a verdict on which a judgment has not been entered as it has to modify one which has ripened into a judgment.

MOTION by the defendant, The Central Trust Company of New York, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, upon the verdict of a jury in favor of the plaintiff directed by the court after a trial at the New York Circuit on the 18th day of April, 1894.

In December, 1888, the plaintiff became the owner of 2,424 shares of the Sugar Refining Company, which stood in his name on the books of the corporation. Subsequently he transferred 500 shares to Franz O. Matthiessen, leaving 1,924 shares owned by plaintiff. In November, 1890, he purchased, through Field, Lindley & Co., 876 shares, which were transferred on the books of the Sugar Refining Company, making 2,800 shares then owned by the plaintiff and standing in his name. In July, 1890, a plan, in form a contract, was entered into for the purpose of terminating the affairs of the Sugar Refining Company, the defendant becoming a party to the contract and assuming certain duties thereunder. On the 29th of October, 1890, a supplemental plan was proposed by which a corporation to take the place of the Sugar Refining Company was to be organized, pursuant to the laws of New Jersey, under the name of the American Sugar Refining Company, with a capital of $50,000,000, one-half of which was to be common stock and one-half seven per cent cumulative preferred stock, which corporation was so organized in January, 1891. In the plan of agreement of October 29, 1890, it was, among other things, provided:

"The shares of the American Sugar Refining Co. will be

exchanged, share for share, for Central Trust Company receipts, representing certificates, one-half in preferred shares and one-half in common shares.

"Each holder of the Central Trust Co. receipts for 100 shares (or fractions thereof in proportion) will receive:

"50 shares of the American Sugar Refining Co. 7% cumulative preferred stock.

"50 shares of the American Sugar Refining Co. common stock, and in addition

"5% in cash ($500). * * *

"All certificate holders who desire to participate in this plant may deposit their certificates at once with the Central Trust Co., when they will receive in exchange the Central Trust Co. receipts, which are, in turn, exchangeable for the stock of the new company. The time for the deposit of certificates is limited to December 1st, 1890."

The plaintiff became a party to these agreements and received from the defendant twenty-eight certificates for 100 shares each, of which the following (aside from certificate number) is a copy:

"100 shares.        CERTIFICATE OF DEPOSIT        100 shares.

OF THE

SUGAR REFINERIES COMPANY CERTIFICATES

(hereinafter referred to as shares of stock) deposited under an agreement between holders of the Sugar Refineries Company certificates and Theodore A. Havemeyer, Franz O. Matthiessen, Jno. C. Searles, Jr., Joseph B. Thomas, Julius A. Stursberg and Kidder, Peabody & Co., committee, and the Central Trust Company of New York, dated July 30th, 1890, and which agreement is hereby made a part of the undersigned certificate of deposit as fully as if the same were textually inserted therein.

"THE CENTRAL TRUST COMPANY        Shares
No. 3226.        OF NEW YORK        100.
hereby certifies that it has received from G. F. Wiechers one hundred shares of stock, as above stated, in trust, subject to the terms and conditions of the above-described agreement, and to be used for the purposes therein stated of the committee of trustees therein named, or a majority of them, or their successors, and

the holder hereof assents to, and is bound by the provisions of said agreement by receiving this certificate. The holder hereof is entitled to receive all the securities, benefits and advantages coming to the depositors, respectively, of said stock under said agreement.

"The interest represented herein is assignable by transfer upon books kept by this company for that purpose by the holder hereof in person, or by proxy, upon surrender of this certificate, subject to the terms thereof.

"CENTRAL TRUST COMPANY OF NEW YORK,

"By B. G. MITCHELL,

"NEW YORK, 9 *Dec.*, 1890.                   *Asst. Secretary.*"

Ten of these certificates, representing 1,000 shares, were, December 10, 1890, assigned and delivered to Field, Lindley & Co. (a firm of brokers), as security for a loan to plaintiff's son of $30,000. On this date the plaintiff also delivered to Field, Lindley & Co. the eighteen certificates for the purpose of having them exchanged for shares in the American Sugar Refining Company when they were ready to be delivered.

Some person forged the name of the plaintiff to an assignment dated January 30, 1891, by which the shares represented by the eighteen certificates were assumed to be assigned and transferred to Edward N. Hussey, the execution of which transfer purports to be witnessed by Edward M. Field and Field, Lindley & Co. The signatures Edward M. Field and Field, Lindley & Co. are in the handwriting of Edward M. Field. The eighteen certificates, with the forged assignment, were delivered to the defendant, and certificates for the number of shares assigned were issued and delivered to Edward N. Hussey.

On the 9th of February, 1891, plaintiff received the check of Field, Lindley & Co. for $5,000, representing five per cent on the ten certificates assigned to Field, Lindley & Co. as security for the loan to the plaintiff's son, and, February 12, 1891, the plaintiff received the firm's check for $9,000, the five per cent dividend on the eighteen certificates which he had not assigned, as provided by the plan of October 29, 1890. Both checks were paid.

On the 10th of February, 1891, the plaintiff directed Field, Lindley & Co. to sell 1,400 shares of common stock (all the com-

mon shares then owned by him) at market rates, which they assumed to do, and, February eleventh, credited the plaintiff with $107,800, which they represented to be the avails arising from the sale of said shares.

On April 1, 1891, John F. Wiechers, plaintiff's son, and the members of the firm of Field, Lindley & Co., formed a partnership under the name of Field, Lindley, Wiechers & Co., and continued the business of the former firm. The plaintiff, to assist his son to enter the firm, advanced him $50,000 by way of a debit in his account with Field, Lindley & Co. At the time of the formation of the new firm the amount to the plaintiff's credit with Field, Lindley & Co. was $58,103.36, which sum was credited to them, charged to the new firm and by that firm credited to the plaintiff, of which he was informed April 1, 1891, by an account rendered.

July 2, 1891, the American Sugar Refining Company paid a dividend of three and one-half per cent on its preferred shares and of four per cent on its common shares, and January 2, 1892, it paid like dividends on its preferred and common shares.

In November, 1891, Field, Lindley, Wiechers & Co. failed. On the 9th of May, 1892, the plaintiff demanded of the defendant the return of the eighteen certificates and the payment of all dividends paid upon the shares represented by them, which was refused, and this action was brought to recover the value of the shares and the dividends received.

*George A. Strong*, for the plaintiff.

*William Allen Butler*, for the defendant.

Follett, J.:

At the close of the evidence the defendant moved that the complaint be dismissed on various grounds, which was denied and an exception taken. The defendant then moved that the jury be directed that the plaintiff was not entitled to recover a greater amount than the value of the 900 shares of preferred stock and the dividends of July, 1891, and January, 1892, on those shares, which motion was denied and the defendant excepted.

The plaintiff thereupon asked the court to direct a verdict in his favor for $225,580.72, based upon the following statements:

| | |
|---|---:|
| 1,800 shares at 100 | $180,000 00 |
| Interest (May 27, '92–Apr. 18, '94) | 20,460 00 |
| 5% dividend | 9,000 00 |
| Interest (May 9, '92–Apr. 18, '94) | 1,048 00 |
| Dividend July 1, '91 | 6,750 00 |
| Interest (May 9, '92–Apr. 18, '94) | 786 36 |
| Dividend Jan. 1, '92 | 6,750 00 |
| Interest (May 9, '92–Apr. 18, '94) | 786 36 |
| | $225,580 72 |

. The plaintiff's motion was denied and he took an exception. Thereupon the court directed a verdict for the plaintiff for $167,625, stating that it was arrived at by taking the value of 1,400 shares of preferred stock, as proved, and adding thereto interest from June 3, 1892, also the dividends of July, 1891, and of January, 1892, with interest from June third to the date of the trial. The defendant excepted to the direction. Upon the argument of this motion the defendant insisted that the verdict should be set aside and a new trial granted, and the plaintiff insisted that the verdict be increased from $167,625 to $225,580.72, and that in case the court held that it was without power to increase the verdict that it be set aside as insufficient and a new trial granted.

We are unable to see any just foundation for the plaintiff's position that he is entitled to recover the value of the 1,400 common shares and the five per cent dividend, amounting to $9,000, paid on the eighteen certificates, pursuant to the plan of reorganization. Field, Lindley & Co. assumed to collect this dividend for the plaintiff and gave him their check therefor, which was paid. Ten days before the plaintiff ordered the firm to sell his 1,400 common shares they had assumed to sell and transfer the title to them, without authority, but after receiving the plaintiff's order of February 10, 1891, to sell, they on the next day credited him with $107,800, their then market value. On March 31, 1892, the account was balanced as per this statement:

Dr. GEO. F. WIECHERS, Esq.

| Date. | | Amount. | Days. | Interest. |
|---|---|---|---|---|
| 1891. | | | | |
| Feby 10 | To cash Geo. F. Wiechers........... | 5,000 00 ⎱ | 49 | 299 44 |
| " " | " do J. F. Wiechers ............. | 50,000 00 ⎰ | | |
| " 12 | " do Geo. F. Wiechers ......... | 9,000 00 | 47 | 47 00 |
| Mar. 31 | " Field, Lindley, Wiechers & Co... | 58,103· 26 | | |
| " " | " Int. balance .................... | .......... | ...... | 303 26 |
| | | 122,103 26 | | 649 70 |

In account current with FIELD, LINDLEY & Co. Cr.

| Date. | | Amount. | Days. | Interest. |
|---|---|---|---|---|
| 1891. | | | | |
| Feby 11 | By 200 Sug. Com. 76¼ less com...... | 15,325 00 ⎱ | | |
| " " | " 200 do 76⅜ " ..... | 15,350 00 | | |
| " " | " 200 do 77 " ..... | 15,375 00 | | |
| " " | " 200 do 77⅛ " ..... | 15,400 00 ⎬ | 48 | 574 93 |
| " " | " 200 do 77¼ " ..... | 15,425 00 | | |
| " " | " 200 do 77⅜ " ..... | 15,450 00 | | |
| " " | " 200 do 77½ " ..... | 15,475 00 ⎰ | | |
| | | 107,800 00 | | |
| " 9 | " 5% dividend on 1,000 shs........ | 5,000 00 | 50 | 27 77 |
| " 12 | " 5% " " 1,800 " ........ | 9,000 00 | 47 | 47 00 |
| Mar. 31 | " Interest ..................,.... | 303 26 | | |
| | | 122,103 26 | | 649 70 |

April 1, 1892, the plaintiff received a copy of the foregoing statement in which he acquiesced and accepted the new firm of Field, Lindley, Wiechers & Co. as his debtor for $58,103.26, the balance due from the former firm. Whether this credit was paid to the plaintiff or lost by the failure of the firm does not appear. He testified that he authorized Field, Lindley & Co. to sell the 1,400 common shares, and, when he received credit for them, he was charged with knowledge that his agents to·sell had assumed to be his agents to transfer the shares to the purchaser, for he must have known that an assignment or transfer was necessary. True, he testified that he had never dealt in stocks, but he had then recently transferred 1,000 shares in the usual way to the firm as security for the debt of his son, and so was not wholly ignorant of the mode of transferring the title to

shares.  The plaintiff having placed the eighteen certificates in the possession of the firm, with power to exchange them for shares in the new corporation, and having afterwards given the firm power to sell the common shares, and having received the avails of the pretended sale, we think he cannot recover their value of the defendant, though when he gave the order to sell, and when he received the credit, he was ignorant of the fact that the shares had been wrongfully disposed of.

The plaintiff has no greater claim against this defendant than he had against Field, Lindley & Co., and clearly he could not retain the price of the 1,400 common shares and also recover from the firm the value of those shares, nor could he retain the $9,000 paid to him as a dividend and recover from them the amount of that dividend. The court did not err in refusing to direct a verdict for the value of the 1,400 common shares and for the five per cent dividend, amounting to $9,000.  As before stated, the court directed a verdict for the value of 1,400 preferred shares, and the dividends declared on them in July, 1891, and January, 1892, with interest.  Five hundred of the preferred shares had been assigned and transferred by the plaintiff to Field, Lindley & Co. as collateral security for the loan to his son, which transfer was absolute on its face, was executed by the plaintiff, and the defendant did not violate the plaintiff's rights in accepting the surrender of the receipt which represented those shares and in issuing a new one to Field, Lindley & Co. or to their transferee.  Subtracting the 500 preferred shares from 1,400 preferred shares leave 900 preferred shares, which the plaintiff had not authorized Field, Lindley & Co. to transfer, and the plaintiff's recovery should have been limited to the value of those shares, and to the dividends declared on them in July, 1891, and in January, 1892, with interest on those dividends.

In case the Circuit directs a verdict for several distinct items, the amounts of which are not disputed, and the exceptions taken on the trial are ordered heard by this court in the first instance, it has power, when there is no conflict of evidence, to modify the verdict by rejecting one or more of the items and direct the entry of a judgment on the verdict as modified.  This court may apply the law to an agreed state of facts and order an appropriate judgment.  Had a judgment been entered on the verdict and an appeal taken, the

power of this court to modify the judgment by deducting some one or more of the items entering into it would not be doubted, and the court has the same power to modify a verdict on which a judgment has not been entered as it has one which has ripened into a judgment.

The judgment should be modified so as to provide that the plaintiff recover the value of 900 preferred shares and the dividends declared on them in July, 1891, and in January, 1892, with interest on those dividends, and a judgment is ordered upon the verdict as modified in favor of the plaintiff, without costs of this motion to either party.

Van Brunt, P. J., and Parker, J., concurred.

Judgment modified, so as to provide that plaintiff recover the value of 900 preferred shares and the dividends thereon in July, 1891, and January, 1892, and judgment ordered on verdict as modified in favor of plaintiff, without costs.